IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| CODY JOSEPH PRESTI, #A6067834,<br><br>Plaintiff,<br><br>v.<br><br>LT. VICTOR MOKULEHUA, *et al.*,<br><br>Defendants. | Civ. No. 21-00126 JMS-WRP<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

### ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND

Before the court is Plaintiff Cody Joseph Presti's ("Presti") prisoner civil rights complaint ("Complaint") brought pursuant to 42 U.S.C. § 1983, ECF No. 1, and his "Statement of Jurisdiction Opening Brief Declaration of Plaintiff" ("Statement"), ECF No. 5.[1] Presti alleges that Defendants,[2] prison officials at the Waiawa Correctional Facility ("WCF") and the Halawa Correctional Facility ("HCF"), violated his due process rights under the Fourteenth Amendment to the

---

[1] Presti filed the Complaint on March 10, 2021, ECF No. 1, and the Statement on April 2, 2021, ECF No. 5.

[2] Presti names Lieutenant Victor Mokulehua, Captain Monteilh, and U.T.M. Monica Chun in their individual and official capacities. ECF No. 1 at PageID ## 1–3. He also names Warden Scott O. Harrington in his official capacity. *Id.* at PageID # 2.

United States Constitution.³ ECF No. 1 at PageID ## 10–11, 13–14; ECF No. 5 at PageID ## 37–38. For the following reasons, the Complaint is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), with leave granted to amend.

## I. STATUTORY SCREENING

The court must conduct a pre-Answer screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, or in which a plaintiff proceeds in forma pauperis. 28 U.S.C. §§ 1915(e)(2), 1915A(a). During this screening, the court must dismiss any complaint, or any portion thereof, that is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks damages from defendants who are immune from suit. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (noting that 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) "are directed at screening out meritless suits early on"); *see also Harris v. Harris*, 935 F.3d 670, 675 (9th Cir. 2019) (describing screening under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(a)–(b)).

The court construes pro se litigants' pleadings liberally and affords them the benefit of any doubt. *See Byrd v. Phoenix Police Dep't*, 885 F.3d 639, 642 (9th Cir. 2018) (per curiam). Liberal construction of a pro se civil rights

---

³ Presti is currently incarcerated at the HCF.

complaint, however, "may not supply essential elements of the claim that were not initially pled." *Litmon v. Harris*, 768 F.3d 1237, 1241 (9th Cir. 2014) (internal quotation marks and citation omitted). Nor do district court judges have an "obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Eblacas v. Agbulos*, 2018 WL 5621954, at *2 (D. Haw. Oct. 30, 2018) ("While the court construes [the plaintiff's] allegations liberally and affords him the benefit of any doubt, it will not speculate about [the plaintiff's] claims, and has no obligation to act as counsel or paralegal to pro se litigants." (internal quotation marks and citation omitted)).

        The court cannot dismiss a pro se litigant's pleading without leave to amend unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment. *Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) (per curiam). Before dismissing a pro se complaint, the court must provide the litigant with notice of the deficiencies in his complaint "to ensure that the litigant uses the opportunity to amend effectively." *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012) (internal quotation marks and citations omitted).

## II. **PRESTI'S CLAIMS**[4]

Presti alleges in Count I that Lieutenant Mokulehua violated his right to due process during a September 2020 disciplinary proceeding at the WCF after Presti was "accused of a minor misconduct." ECF No. 1 at PageID ## 6–7; ECF No. 5 at PageID # 36. Presti claims that Mokulehua (1) refused his request for "substitute counsel"; (2) did not allow Presti to review the written testimony of his three witnesses both "before and after" the proceeding; and (3) lied in his written disposition by stating that Presti's three witnesses testified against him. ECF No. 1 at PageID # 7. According to Presti, Mokulehua found him guilty of a misconduct violation. *Id.* As a result, Presti "suffered 14 days L.O.A.P."[5] *Id.* Presti also claims that he lost a "store order" and that Mokulehua's decision might prevent him from being granted parole. *Id.*

Presti alleges in Count II that Captain Monteilh "refus[ed] to process legitimate grievances" between September and December 2020. *Id.* at PageID # 9. Presti claims that Monteilh rejected grievances "by falsely claiming they had defects[.]" *Id.* According to Presti, Monteilh's actions prevented him from

---

[4] For purposes of screening, Presti's factual allegations are accepted as true. *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014).

[5] Presti does not define "L.O.A.P." It is unclear if he is referring to a "loss of all privileges" or something else.

challenging Mokulehua's alleged mishandling of the September 2020 disciplinary proceeding. *Id.*

Presti alleges in Count III that Chun violated his right to due process during an August 2019 disciplinary proceeding at the HCF.[6]  *Id.* at PageID # 10. Presti claims that Chun:  (1) did nothing in response to Presti's objection to the composition of the adjustment committee; (2) denied his request for substitute counsel; (3) found him guilty of a misconduct that was not alleged; and (4) lied in her written disposition.  *Id.* at PageID # 11.  Presti also alleges in Count III that Warden Harrington violated his due process rights by upholding Chun's decision after Presti filed a grievance.  *Id.* at PageID # 10.  According to Presti, this misconduct violation "affected [his] custody points," which "could potentially have a negative impact on [his] request for parole," and cost him approximately eighty dollars in "inmate workers pay."  *Id.*  Presti seeks damages and injunctive relief.  *Id.* at PageID ## 16–17.

---

[6] In Count III, Presti briefly suggests that an unidentified adult corrections officer accused Presti of a misconduct in retaliation for a grievance Presti had filed against "H.C.F. F.S.U." ECF No. 1 at PageID # 10.  Presti does not, however, assert a separate First Amendment retaliation claim in this action.  Although the Complaint also includes a Count IV, Presti's allegations in that count are duplicative of those in Count III.  *See id.* at PageID ## 13–14.

## III.  DISCUSSION

A.  **Legal Framework for Claims Under 42 U.S.C. § 1983**

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law.  *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Belgau v. Inslee*, 975 F.3d 940, 946 (9th Cir. 2020).  Section 1983 requires a connection or link between a defendant's actions and the plaintiff's alleged deprivation.  *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Harper v. City of Los Angeles*, 533 F.3d 1010, 1026 (9th Cir. 2008) ("In a § 1983 action, the plaintiff must also demonstrate that the defendant's conduct was the actionable cause of the claimed injury.").  "'A person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made.'"  *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 915 (9th Cir. 2012) (quoting *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978)).

### B.   Fourteenth Amendment – Due Process

Presti alleges that Defendants violated his due process rights.  ECF No. 1 at PageID ## 6–7, 9–11.

The Fourteenth Amendment provides that "[n]o state shall ... deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  "The requirements of procedural due process apply only to the deprivation of interests encompassed by the Fourteenth Amendment's protection of liberty and property."  *Bd. of Regents v. Roth*, 408 U.S. 564, 569 (1972).  "To state a procedural due process claim, [a plaintiff] must allege '(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; [and] (3) lack of process.'"  *Wright v. Riveland*, 219 F.3d 905, 913 (9th Cir. 2000) (quoting *Portman v. Cnty. of Santa Clara*, 995 F.2d 898, 904 (9th Cir. 1993)) (brackets in original).

Protected liberty or property interests may arise under the Due Process Clause itself or state law.  *See Meachum v. Fano*, 427 U.S. 215, 223–27 (1976).  "In the prison context, these interests are generally ones pertaining to liberty."  *Hendon v. Ramsey*, 528 F. Supp. 2d 1058, 1075 (S.D. Cal. 2007).  Changes in conditions so severe as to affect the sentence imposed in an unexpected manner implicate the Due Process Clause itself, whether or not they are authorized by state law.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (citing *Vitek v. Jones*, 445

U.S. 480, 493 (1980) ("We conclude that a convicted felon also is entitled to the benefit of procedures appropriate in the circumstances before he is found to have a mental disease and transferred to a mental hospital."), and *Washington v. Harper*, 494 U.S. 210, 221–22 (1990) ("[R]espondent possesses a significant liberty interest in avoiding the unwanted administration of antipsychotic drugs under the Due Process Clause of the Fourteenth Amendment.")).  Deprivations that are less severe or more closely related to the expected terms of confinement may also amount to deprivations of a procedurally protected liberty interest, provided that the liberty in question is one of "real substance."  *Sandin*, 515 U.S. at 477-87.  An interest of "real substance" will generally be limited to freedom from restraint that imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" or "will inevitably affect the duration of [a] sentence."  *Id.* at 484, 487.

### 1.     *Disciplinary Proceedings*

Presti alleges that Mokuleha and Chun violated his due process rights during September 2020 and August 2019 disciplinary proceedings, respectively. ECF No. 1 at PageID ## 6–7, 10–11.

A prisoner is entitled to certain due process protections when he is charged with a disciplinary violation.  *Serrano v. Francis*, 345 F.3d 1071, 1077 (9th Cir. 2003) (citing *Wolff v. McDonnell*, 418 U.S. 539, 564-571 (1974)).  "Such

protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the fact-finder as to the evidence relied upon and the reasons for the disciplinary action taken." *Id*. These procedural protections, however, "adhere only when the disciplinary action implicates a protected liberty interest in some 'unexpected matter' or imposes an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Id.* (quoting *Sandin*, 515 U.S. at 484); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003).

Although the level of the hardship must be determined on a case-by-case basis, and "[i]n *Sandin*'s wake the Courts of Appeals have not reached consistent conclusions for identifying the baseline from which to measure what is atypical and significant in any particular prison system," *Wilkinson v. Austin*, 545 U.S. 209, 223 (2005), courts in the Ninth Circuit look to: "(1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; (2) the duration of the condition, and the degree of restraint imposed; and (3) whether the state's action will invariably affect the duration of the prisoner's sentence." *Ramirez*, 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87); *see also Chappell v. Mandeville*, 706 F.3d 1052, 1064-65 (9th Cir. 2013). Only if the prisoner alleges facts sufficient to show a protected liberty

interest must courts next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez*, 334 F.3d at 860.

Presti does not allege sufficient facts to show that any deprivations he experienced because of either disciplinary proceeding imposed the type of "atypical and significant hardships" required by *Sandin* to invoke any liberty interest entitled to procedural protections.

    a.  *September 2020 Disciplinary Proceedings*

The court construes the Complaint to allege that Presti lost all privileges for fourteen days, including the ability to make purchases from the WCF's "store." *See* ECF No. 1 at PageID # 6. This temporary loss of privileges does not amount to a liberty interest. *See Morgal v. Williams*, 609 F. App'x 366, 367 (9th Cir. 2015) ("Dismissal of [plaintiff's] due process claim based on his removal from his paid work assignment and the loss of privileges was proper because these allegations do not give rise to a constitutionally protected liberty or property interest."); *Quoc Xuong Luu v. Babcock*, 404 F. App'x 141, 142 (9th Cir. 2010) ("[T]he district court properly dismissed [plaintiff's] due process claim concerning his temporary loss of prison privileges because [plaintiff] failed to allege facts implicating a protected liberty interest."); *see also Winston v. Scott*, 718 F. App'x 438, 439 (7th Cir. 2018) (reasoning that disciplinary punishment that amounted to loss of privileges for ninety days "is not a deprivation of a protected

10

liberty interest; thus due process is not at play"); *Alexander v. Vittitow*, 2017 WL 7050641, at *3 (6th Cir. Nov. 9, 2017) ("The sanction imposed for [plaintiff's] misconduct charge—thirty days' loss of privileges—did not implicate a protected liberty interest because it did not affect the length of his sentence and did not amount to an atypical and significant hardship.").

Presti also claims that the misconduct violation might "prevent him from being granted parole." ECF No. 1 at PageID # 6. But the possibility that the misconduct violation might influence a future parole decision does not amount to a liberty interest. *See Burnsworth v. Gunderson*, 179 F.3d 771, 774 n.3 (9th Cir. 1999) ("[T]he possibility of denial of parole at some later date does not amount to the denial of a liberty interest."); *see also Birrell v. Knauff*, 599 F. App'x 326, 326–27 (9th Cir. 2015) (same); *Ontiveros v. Kernan*, 379 F. App'x 678, 680 (9th Cir. 2010). Presti fails to state a claim based on the September 2020 disciplinary proceedings. Presti's claims against Mokulehua in Count I is DISMISSED with leave granted to amend.

    b.  *August 2018 Disciplinary Proceedings*

Presti claims that the 2019 misconduct violation "affected [his] custody points" and, therefore, "could potentially have a negative impact on [his] request for parole." ECF No. 1 at PageID # 10. As already noted, however, the possibility that any misconduct violation might prevent Presti from being granted

11

parole also does not amount to a liberty interest. *See Burnsworth*, 179 F.3d at 774 n.3.

Presti further claims that the 2019 misconduct violation "cost [him] about 2 months inmate workers pay: $80." ECF No. 1 at PageID # 10. Removal from a paid work assignment also does not implicate a protected liberty interest. *See Walker v. Gomez*, 370 F.3d 969, 973 (9th Cir. 2004) ("[T]he Due Process Clause of the Fourteenth Amendment does not create a property or liberty interest in prison employment[.]" (internal quotation marks and citations omitted) *overruled in part on other grounds in Johnson v. California*, 543 U.S. 499 (2005)); *see also Rainer v. Chapman*, 513 F. App'x 674, 675 (9th Cir. 2013) ("The district court properly dismissed [plaintiff's] due process claims based on his removal from his work assignment . . . because these allegations did not give rise to a constitutionally protected liberty or property interest."). Presti fails to state a claim, therefore, based on the August 2019 disciplinary proceedings. Presti's claim against Chun in Count III is DISMISSED with leave granted to amend.

### 2. *Inmate Grievances*

Presti alleges in Count II that Monteilh violated his due process rights by improperly handling inmate grievances. ECF No. 1 at PageID # 9. He also alleges in Count III that Warden Harrington denied him due process by upholding Chun's decision after Presti filed a grievance. *Id.* at PageID ## 10–11.

Prisoners have no stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988) ("There is no legitimate claim of entitlement to a grievance procedure."); *see also Ramirez*, 334 F.3d at 860 (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, Presti cannot state a cognizable claim for a violation of his due process rights based on allegations that Monteilh and Harrington failed to properly process his grievances. *See Lopez v. Brown*, 837 F. App'x 534, 535 (9th Cir. 2021) ("The district court properly dismissed [plaintiff's] due process claim alleging deficiencies in the grievance process because inmates lack a separate constitutional entitlement to a specific prison grievance procedure." (internal quotation marks and citation omitted)); *Harbridge v. Schwarzenegger*, 752 F. App'x 395, 398 (9th Cir. 2018) ("The district court properly dismissed [plaintiff's] due process claims based on a dysfunctional prison grievance system because [plaintiff] did not have a protected liberty interest in any particular grievance system.") (citing Ramirez, 334 F.3d at 860). Presti fails, therefore, to state a claim based on the handling of his grievances. Presti's claim against Monteilh in Count II and his claim against Harrington in Count III are DISMISSED with leave granted to amend. If Presti decides to file an amended pleading, he must also consider the joinder rules.

### C. Improper Joinder

A party asserting a claim may join, as independent or alternative claims, as many claims as it has against an opposing party. Fed. R. Civ. P. 18. "To name different defendants in the same lawsuit, however, a plaintiff must satisfy Rule 20, governing joinder of parties." *Weeks v. Espinda*, 2010 WL 2218631, at *3 (D. Haw. June 2, 2010). Rule 20(a)(2) allows joinder of defendants only if the following two requirements are met: (1) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (2) any question of law or fact common to all defendants will arise in the action. Fed. R. Civ. P. 20(a)(2)(A)–(B); *Rush v. Sport Chalet, Inc.*, 779 F.3d 973, 974 (9th Cir. 2015). "Unrelated claims involving different defendants belong in different suits." *What v. Honolulu Police Dep't*, 2014 WL 176610, at *4–5 (D. Haw. Jan. 13, 2014); *see also George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.").

In this action, Presti makes claims against different defendants based on two separate sets of events. In Counts I and II, Presti claims that Mokulehua and Monteilh violated his right to due process during and after a September 2020 disciplinary proceeding at the WCF. ECF No. 1 at PageID ## 6–7, 9. In Count III,

14

Presti claims that Chun and Harrington violated his right to due process during and after an August 2019 disciplinary proceeding at the HCF. *Id.* at PageID ## 10–11. Presti does not allege that the September 2020 and August 2019 were in any way related to one another. Presti may not pursue these unrelated claims in a single suit. *See Char v. Kaiser Hosp.*, 2019 WL 80890, at *3 (D. Haw. Jan. 2, 2019) ("Unrelated claims involving different defendants must be brought in separate actions."). He may, however, raise unrelated claims in separate actions. *See D'Agirbaud v. Kam*, 2020 WL 3258408, at *5 (D. Haw. June 16, 2020) (explaining that dismissing complaint for misjoinder allowed plaintiff "to decide which *related* claims he will pursue in *this* action, and which claims he will bring in a new action").

If Presti chooses to file an amended pleading, any claim asserted therein must be permitted by either Rule 18 or Rule 20. Presti may state a single claim against a single defendant. Pursuant to Rule 18, Presti may then add any additional claims to his action that are against the same defendant. *See* Fed. R. Civ. P. 18. Presti may also add any additional claims against other defendants, if those claims arise from the same transaction, occurrence, or series of transactions as his original claim. *See* Fed. R. Civ. P. 20(a)(2). Any attempt to join claims that are not permitted by the Federal Rules of Civil Procedure will result in those claims being dismissed as improperly joined.

## IV.  LEAVE TO AMEND

The Complaint is DISMISSED with leave granted to amend.  If Presti decides to pursue this action, he must file an amended pleading on or before May 14, 2021.  Presti may not expand his claims beyond those already alleged herein or add new claims, without explaining how those new claims relate to the claims alleged in the original Complaint.  Claims that do not properly relate to his original pleading are subject to dismissal.

Presti must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii.  Local Rule 10.4 requires that an amended complaint be complete in itself, without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form.  *See* LR99.2(a).  An amended complaint will supersede the preceding complaint.  *See Ramirez v. County of San Bernardino*, 806 F.3d 1002, 1008 (9th Cir. 2015).  Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed.  *See Lacey v. Maricopa Cnty.*, 693 F.3d at 928.

## V.  28 U.S.C. § 1915(g)

If Presti fails to file an amended complaint or is unable to amend his claims to cure their deficiencies, this dismissal may count as a "strike" under

28 U.S.C. § 1915(g). Under this "3-strikes" provision, a prisoner may not bring a civil action or appeal a civil judgment in forma pauperis,

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

## VI.  CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b)(1), with leave to amend as set forth above.

(2) If Presti decides to pursue this action, he must file an amended pleading that cures the noted deficiencies in his claims on or before May 14, 2021.

(3)  If Presti chooses to file an amended pleading, he must decide which *related* claims he will pursue in *this* action, which claims he will bring in a new action or actions, and which claims he may forgo with the benefit of the Court's analysis of his claims.

(4) The Clerk is DIRECTED to send Presti a blank prisoner civil rights complaint form so that he can comply with this order if he elects to file an amended pleading.

(5) Failure to timely file an amended pleading may result in AUTOMATIC DISMISSAL of this suit without further notice, and Presti may incur a strike under 28 U.S.C. § 1915(g).

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 14, 2021.



/s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Presti v. Mokulehua, et al.*, Civ. No. 21-00126 JMS-WRP, Order Dismissing Complaint with Leave to Amend